IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL BOYLE, | Civ. No. 6:24-cv-01946-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SHERIFF L. SHANE NELSON; MICHAEL HUDSON; MICHAEL SHULTS; JOHN LAHERTY; DESCHUTES COUNTY; JOHN DOE 1-6; EDEN R. ALDRICH; ALISON FILO; STEVE GUNNELS, | |
| Defendants. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Michael Boyle seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED but the First Amended Complaint ("FAC"), ECF No.7, is DISMISSED without service on Defendants. Dismissal is with leave to amend and Plaintiff shall have thirty days from the date of this order in which to file a second amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id*.

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, ECF No. 1, and the petition will be GRANTED.

In the Complaint, Plaintiff alleges a series of constitutional claims under 42 U.S.C. § 1983 against Deschutes County, the Deschutes County Sheriff and other individuals employed by Deschutes County. Plaintiff alleges that he was not provided with appropriate medical care while in the custody of the Deschutes County jail both before and after his conviction. Plaintiff alleges that, after his conviction, he was threatened by other inmates in the jail and specifically by an individual he refers to as Inmate B and that Defendants failed to protect him. Plaintiff alleges that he was placed in a cell with Inmate B to retaliate against him for separate litigation against the County. Plaintiff alleges that he was placed in an unheated jail cell during the

winter and exposed to intolerable cold. Finally, Plaintiff alleges that he was coerced into taking an *Alford* plea to charges against him in order to disadvantage him in other civil litigation he was maintaining against Deschutes County.

Plaintiff brings claims for (1) cruel and unusual punishment in violation of the Eighth Amendment; (2) violation of his due process rights under the Fifth and Fourteenth Amendments; (3) retaliation in violation of the First Amendment; (4) violation of his equal protection rights under the Fourteenth Amendment; and (5) prosecutorial misconduct.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

### I.     **Individual** Defendants

Defendant John Laherty is not identified in the FAC, although the Court notes that he is the attorney representing Deschutes County in a different case brought by Plaintiff, *Boyle v. Nelson et al.*, 6:22-cv-01361-AA. There are no clear allegations involving conduct by Laherty in the FAC. The FAC fails to state a claim against Laherty.

Defendant Eden R. Aldrich is not identified in the FAC and the Court is unable to discern what, if any, allegations are made against Aldrich. As a consequence, Plaintiff has failed to state a claim against Aldrich.

Defendant Michael Shults is not identified in the FAC and the Court is unable to discern what, if any, allegations are made against Shults. As a result, Plaintiff has failed to state a claim against Shults.

Defendant Michael Hudson is identified as a deputy sheriff involved in the criminal investigation of Plaintiff, which ultimately resulted in his conviction and sentence. First Am. Compl. ("FAC") at 3. The bulk of the allegations against Hudson concern his presence at settlement conferences for Plaintiff's criminal charges. Plaintiff alleges that Hudson's presence was inappropriate, but does not clearly identify what constitutional right, if any, was implicated by Hudson's presence at the settlement conferences. Plaintiff vaguely alleges that Hudson was involved with "coordination" and "communication" with the jail, but these allegations do not make out any claim against Hudson. The Court concludes that Plaintiff has failed to state a claim against Hudson.

## II.     Eighth and Fourteenth Amendment

Plaintiff brings claims alleging cruel and unusual punishment related to the provision of medical care while he was in the jail; for failure to protect; and based on the conditions of his confinement.

The right to be free from cruel and unusual punishment arises from the Eighth Amendment for inmates serving a custodial sentence, while the rights of pretrial

detainees are derived from the Due Process Clause of the Fourteenth Amendment. *Sandoval v. Cnty. San Diego*, 985 F.3d 657, 667-68 (9th Cir. 2021). Here, Plaintiff's claims for failure to provide medical care arise from events that occurred both before his conviction, FAC ¶¶ 19-37, and after his conviction, *Id.* at ¶¶ 38-39, 55-62, 65-69. Plaintiff's claims alleging a failure to protect are based on post-conviction events. *Id.* at ¶¶ 43-51, 70-71. These allegations concern Plaintiff's interactions with a hostile inmate who he refers to as Inmate B. Plaintiff's allegations concerning the conditions of his confinement are also based events that occurred post-conviction, specifically Plaintiff's placement in unheated cell. *Id.* at ¶¶ 63-64.

**A. Medical Care**

"Individuals in state custody have a constitutional right to adequate medical treatment." *Sandoval*, 985 F.3d at 667. As noted, this is governed by the Fourteenth Amendment for pretrial detainees and by the Eighth Amendment for post-conviction inmates. *Id.* Previously, the standards for these claims were identical, but those standards have recently been clarified. *Id.* at 668.

For a claim under the Eighth Amendment, a prison official will be liable for disregarding an inmate's serious medical needs only if he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and actually drew the inference." *Sandoval*, 985 F.3d at 667-68 (internal quotation marks and citation omitted, alteration normalized).

For a claim of failure to provide adequate medical care under the Fourteenth Amendment, the plaintiff must show (1) the defendant "made an intentional decision

with respect to the conditions under which the plaintiff was confined,"; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures available to abate that risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious,"; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Sandoval*, 985 F.3d at 669.

Here, the Court concludes that Plaintiff has adequately alleged that he was not provided with adequate medical care. However, the FAC does not connect this failure with any specific Defendant. *See, e.g., O'Brien v. Cal. Dep't of Corr.*, No. 2:23-cv-1112-KJN P, 2023 WL 8602239, at *4 (E.D. Cal. Dec. 12, 2023) (plaintiff failed to allege specific facts showing that the named defendants were personally involved in an Eight Amendment violation, and a conclusory reference to "defendants" was insufficient). The Court concludes that Plaintiff has not sufficiently alleged a violation of his Eighth Amendment and Fourteenth Amendment rights based on a lack of medical care.

### B. Failure to Protect

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoner. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. But the failure of prison official to protect inmates from attacks by other inmates or from dangerous conditions at the prison

violates the Eighth Amendment only when two requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate safety by failing to take reasonable steps to abate it. *Id.* at 837.

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Farmer*, 511 U.S. at 835-36. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The means that a correctional officer must be personally aware of an actual threat or excessive risk to a prisoner's safety before there is any affirmative duty on the officer's part to protect the prisoner. *Farmer*, 511 U.S. at 837. A "mere suspicion" that an assault or attack may take place is not enough. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Deliberate indifference requires that the correctional officer know of facts supporting an inference of substantial risk to the prisoner's safety *and* that the officer draw the inference. *See Labatad v. Corrections Corp. of Am.*, 714 F.3d 1155, 1160-61 (9th Cir. 2013).

Here, Plaintiff alleges that he was confronted with hostility and threats from other inmates, and specifically from Inmate B, but that he was transferred from cell after a few hours and the conflict with the inmates was noted as the specific reason.

Plaintiff alleges that Inmate B made threatening comments to him on later occasions in hallways or in the medical unit, but Plaintiff does not allege that they were housed together again. On its face, the allegations of the FAC do not rise to the level of deliberate indifference. Rather, it appears that steps were taken to mitigate the risk. The Court concludes that Plaintiff has failed to state a claim for failure to protect under the Eighth Amendment. In addition, as with the claim for lack of medical care, Plaintiff does not make allegations of a failure to protect against any specific Defendant, including the Doe Defendants.

### C. Conditions of Confinement

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014). The first prong is an objective one, requiring that the deprivation be "sufficiently serious," meaning that the act or omission must result in the "denial of the minimal civilized measure of life's necessities." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (internal quotation marks and citation omitted). The second prong focuses on the subjective intent of the prison official and requires a showing of deliberate indifference, meaning that the prison official acted or failed to act despite their knowledge of a substantial risk of serious harm to the prisoner. *Peralta*, 774 F.3d at 1082. Mere negligence is not sufficient to establish liability. *Farmer*, 511 U.S. at 835.

Here, Plaintiff's allegations concerning the conditions of his confinement concern his placement in an unheated cell during the winter. FAC ¶¶ 63-64. Courts

have held that a lack of heat can satisfy the objective portion of an Eighth Amendment claim. However, Plaintiff does allege sufficient facts to satisfy the subjective prong of his claim—no allegations are made to connect his placement in the unheated cell with the personal involvement of any named Defendant or even Doe Defendant. The Court concludes that Plaintiff has failed to state a claim for violation of his Eighth Amendment rights based on the conditions of his confinement.

### III. First Amendment Retaliation

The First Amendment "prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected speech." *Houston Comm. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022) (internal quotation marks and citation omitted). Plaintiff alleges that he was threatened by another inmate, who he calls Inmate B, after the jail deliberately placed Plaintiff in the cell with Inmate B. FAC ¶ 47. Plaintiff alleges that Defendants did not move him to another cell after he was threatened by Inmate B in retaliation for Plaintiff's civil action against Deschutes County. *Id.* at 16. This allegation is inconsistent (1) with Plaintiff's allegation that he was given the option of an individual cell before he was placed in a cell with other inmates and Plaintiff affirmatively requested that he be placed with other inmates, *Id.* at ¶¶ 41-42, and (2) with the allegation that Plaintiff was moved to another cell only a few hours later and that Plaintiff's conflict with the inmates in the cell was the stated reason for the transfer. *Id.* at ¶¶ 50, 53. In addition, Plaintiff fails to plead facts showing a causal relationship between his

separate civil suit and his placement in the cell with the other inmates. The Court concludes that Plaintiff has failed to state a claim for First Amendment retaliation.

## IV.  Prosecutorial Misconduct

The FAC appears to allege that Defendants coerced Plaintiff into taking an *Alford* plea to the criminal charges against him. This claim appears to be alleged at Defendant Alison Filo, who is identified as an assistant district attorney in Deschutes County, and Defendant Steve Gunnels, who is identified as the Deschutes County District Attorney. FAC at 3. Defendant Hudson is also mentioned in connection to this claim, but his involvement in Plaintiff's decision to take a guilty plea is not clear from the allegations of the FAC. Plaintiff appears to allege that the offer of the plea deal was intended to give Defendants an advantage in separate civil litigation between Plaintiff and Deschutes County.

It generally appears from the allegations in the FAC that Plaintiff's criminal conviction has not been overturned or otherwise invalidated. Plaintiff appears to claim that, as a result of the alleged prosecutorial misconduct and/or malicious prosecution, his conviction is unlawful in some way. Such a claim is barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* rules bars a § 1983 claim for damages that implicates the validity of a conviction or sentence unless the conviction or sentence has been invalidated or the proceedings otherwise terminated in the plaintiff's favor. *Heck*, 512 U.S. at 487-88. The *Heck* rule provides that if a criminal conviction "arising out the same facts stands and is fundamentally inconsistent" with the allegedly unlawful behavior for which § 1983 damages are

sought, "the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (internal quotation marks and citation omitted). Plaintiff's claim for "prosecutorial misconduct" is therefore dismissed. If Plaintiff wishes to challenge his conviction or sentence, he must first do so in the Oregon appellate courts.

### V. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment generally requires a showing of discrimination, meaning that the plaintiff was treated differently than another similarly situated person without proper justification for the different treatment. *Steffen v. Rowland*, 972 F.3d 1343 (9th Cir. 1992). Here, the Complaint contains no allegations to support such a claim.

In addition, Plaintiff alleges that the "actions of the District Attorney and other defendants in selecting specific charges for the Alford plea, with the intent to harm the plaintiff's position in the civil suit, violated the principle of equal protection under the law." FAC at 17. To the extent that this is intended as a collateral attack on the validity of Plaintiff's criminal conviction, it is barred by the *Heck* rule. Nor does it state a claim for violation of Plaintiff's equal protection rights.

### VI. Due Process

Plaintiff makes a series of claims alleging violation of his due process rights. The Due Process Clause of the Fourteenth Amendment commands that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV, § 1. The Supreme Court has held that this clause covers a "substantive sphere," (substantive due process), *Cnty. of Sacramento v. Lewis*, 523

U.S. 833, 840 (1998) (citations omitted), and a procedural due process, *see, e.g., Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (explaining that procedural protections are required before a person is deprived of a property interest).

Here, Plaintiff alleges that the jail destroyed records related to the transfer of Plaintiff from one cell to another. It is not clear whether Plaintiff is alleging a violation of his substantive due process rights or his procedural due process rights, nor is it clear how these records implicate Plaintiff's due process rights.

Plaintiff also alleges that his due process rights were violated when "the District Attorney, counsel for Deschutes County, and Detective Hudson engaged in a conspiracy to coerce the plaintiff into entering the Alford plea." FAC, at 17. This claim is a facial attack on the validity of Plaintiff's conviction and so is barred by the *Heck* rule.

The Court concludes that Plaintiff has failed to state a claim for violation of his due process rights.

### VII.   Leave to Amend

The Court concludes that these deficiencies require dismissal of the Complaint without service upon Defendants. Because Plaintiff is pro se, dismissal is with leave to amend and Plaintiff shall have thirty days in which to amend his complaint.

### CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED and the First Amended Complaint, ECF No. 7, is DISMISSED without service on Defendant. Dismissal is with leave to amend and Plaintiff shall have thirty

(30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___24th___ day of January 2025.

                               /s/Ann Aiken
                               ANN AIKEN
                               United States District Judge