IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHAEL BOYLE, | Civ. No. 6:24-cv-01946-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SHERIFF L. SHANE NELSON; MICHAEL HUDSON; MICHAEL SHULTS; JOHN LAHERTY; DESCHUTES COUNTY; JOHN DOE 1-6; EDEN R. ALDRICH; ALISON FILO; STEVE GUNNELS, | |
| Defendants. | |

AIKEN, District Judge.

This cases comes before the Court on "Plaintiff's Emergancy [sic] Motion for a Stay of the Deadline to Resubmit Complaint, or in the Alternative, Request for Appointment of Pro Bono Counsel, and Notice of Withdrawal of Pending Motion to Extend Time." ECF No. 14. For the reasons set forth below, the motion is DENIED.

The Court previously dismissed Plaintiff's complaint with leave to amend as part of the Court's IFP screening process. ECF No. 9. Plaintiff now moves to stay this case pending resolution of his appeal of separate litigation. In the alternative, Plaintiff moves for the appointment of counsel.

Page 1 –OPINION & ORDER

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). As a general matter, having to litigate is not itself a hardship warranting the stay of a case. *Dependable Hwy. Exp, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, the Court has dismissed the complaint with leave to amend but without service on defendants as part of IFP screening. Plaintiff has not filed an amended complaint and so there is no operative pleading. In the absence of an operative pleading, a stay would complicate the case. In addition, the Court concludes that Plaintiff has not established that he would suffer from hardship or inequity in the absence of a stay. As noted, being required to litigate his case is not, in and of itself, a hardship warranting a stay. The Court DENIES Plaintiff's motion to stay the case.

Turning to Plaintiff's alternative motion for appointment of counsel, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff has failed to state a claim in the original complaint and, thus far, has not filed an amended complaint. The Court declines to find that exceptional circumstances warrant requesting volunteer counsel for Plaintiff. Plaintiff's motion in the alternative is DENIED.

## CONCLUSION

Plaintiff's "Emergancy [sic] Motion for a Stay of the Deadline to Resubmit Complaint, or in the Alternative, Request for Appointment of Pro Bono Counsel, and Notice of Withdrawal of Pending Motion to Extend Time," ECF No. 14, is DENIED.

It is so ORDERED and DATED this ___12th___ day of March 2025.

       /s/Ann Aiken
       ANN AIKEN
       United States District Judge